**Woodrow WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44822.**

Court of Criminal Appeals of Texas.

April 19, 1972.

Rehearing Denied June 28, 1972.

---

418

Buddy Stevens, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, assessed by a jury upon a plea of guilty, life.

■ Appellant's first ground of error is that during the punishment phase of the trial, the State improperly engaged appellant in the following questioning:

"DISTRICT ATTORNEY: Let me ask who you were associated with on July 12th of 1970—

"DEFENSE COUNSEL: Your Honor, this was when we started our objection. This is not what the Court instructed him to ask.

"THE COURT: You can ask him who he was with on that date, if he can answer it.

"DISTRICT ATTORNEY: On July the 12th of 1970?

"DEFENDANT: I was with Charles Childs.

"DISTRICT ATTORNEY: Charles who?

"DEFENDANT: Childs.

"DISTRICT ATTORNEY: Well, weren't you with Billy Gene Mitchell?

"DEFENDANT: Yes, sir.

"DISTRICT ATTORNEY: And you weren't in jail then?

"DEFENDANT: No, sir.

"DISTRICT ATTORNEY: That was on July the 12th?

"DEFENDANT: Yes, sir.

"DISTRICT ATTORNEY: Pass the witness."

Appellant contends that these questions alluded to an extraneous offense and that "[A]lthough this offense was not named in any particular entirety, or specifically, there can be no other conclusion drawn except the State was referring to some specific bad conduct on July 12, 1970."

We have searched this record with care and fail to find any evidence that an offense actually occurred on that date; however, we see no reason for propounding such question. Without proof that appellant was involved in an extraneous offense with the named parties, no reversible error has been shown.

■ Appellant also complains about questions propounded by the prosecutor which improperly impeached him. An examination of the record reveals that none of these questions contended to be objectionable were asked in the presence of the jury.

Finding no reversible error, the judgment is affirmed.